[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 436.]

THE STATE EX REL. SCHRICHTEN, APPELLEE AND CROSS-APPELLANT, *v*.

INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS AND CROSS-

APPELLEES.

[Cite as *State ex rel. Schrichten v. Indus. Comm.*, 2000-Ohio-91.]

*Workers' compensation—Mandamus sought ordering Industrial Commission to*
*reactivate claimant's C-85-A claim and authorization of treatment—*
*Court of appeals' denial of writ affirmed.*

(No. 99-910—Submitted October 10, 2000—Decided December 27, 2000.)

APPEALS and CROSS-APPEALS from the Court of Appeals for Franklin County,

No. 98AP-170.

_____

{¶ 1} Appellee and cross-appellant, Marvin W. Schrichten, claimant, hurt his low back in 1977 while working for appellant and cross-appellee General Motors Corporation ("GMC"). GMC, a self-insured employer, allowed the claim for lumbosacral strain.

{¶ 2} In 1978, Dr. E. Vance Walters sought authorization for "lumbar laminectomy surgery, hospitalization[,] this being on the basis that the patient has shown no response to conservative therapy." GMC authorized the surgery. During surgery, it was discovered that claimant also had a herniated nucleus pulposus ("HNP"), and that condition was corrected as well. GMC paid bills related to that surgery.

{¶ 3} Regular treatment is not indicated by the record in the years that followed, and claimant only intermittently missed work. This trend continued into the 1990s, with only occasional periods off work. In 1996, he sought to reactivate his claim to authorize treatment by his attending chiropractor, Dr. Brian D. McMaster. McMaster diagnosed lumbar disc degeneration, which he claimed arose

from the lumbosacral strain. Dr. Ron M. Koppenhoefer, M.D., examined claimant and expressly rejected any causal connection between the claimant's current pain and claimant's then nineteen-year-old industrial injury. He instead attributed the degenerative changes to aging.

{¶ 4} GMC denied the claimant's C-85-A application to reactivate his claim, prompting a hearing before appellant and cross-appellee Industrial Commission of Ohio. The commission, in a lengthy order, upheld GMC's action, writing:

"Dr. Koppenhoefer states that, 'There is no evidence to indicate that his current back pain is related to the injury which occurred 8-24-77 which had been allowed for lumbosacral strain. Lumbosacral strain is a soft tissue injury which has shown evidence of resolution. His symptomatology and physical exam is compatible with pain related to degenerative changes or aging changes involved in the lumbosacral spine.'

"The Deputy is of the opinion that there is no question that claimant's present condition, as attested by both Drs. McMaster and Koppenhoefer is degenerative disc disease, a condition which is long in development and usually associated with the aging process. The condition can develop independent of any traumatic incident or incidents. The Deputy specifically finds that degenerative disease is a separate medical condition from the original lumbosacral strain allowed in this claim. Whether it is related causally to the allowed injury and[/]or surgery in this claim is not in question by reason of the C-85A filed 5-15-96, since the application seeks only payment for medical services and authorization of further services. No request was submitted by claimant to secure the allowance of an additional condition. If claimant seeks the allowance of the claim for degenerative disc disease, application for same may be made * * * so that the issue may be properly noticed to all parties and set for hearing."

2

**{¶ 5}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying his C-85-A claim-reactivation application. The court of appeals denied the requested writ, but ordered the commission to reconsider its order. The court did not find the relationship of degenerative disc disease to claimant's lumbosacral strain to be determinative. Instead, the court held that HNP had been implicitly accepted in the claim and ordered the commission to determine whether claimant's current problems were related to it.

**{¶ 6}** The cause is now before this court upon an appeal and cross-appeals as of right.

————————————

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, for appellee and cross-appellant Marvin Schrichten.

*Betty D. Montgomery*, Attorney General, and *Cheryl J. Nester*, Assistant Attorney General, for appellant and cross-appellee Industrial Commission.

*Tatgenhorst & Bruestle* and *Eric G. Bruestle*, for appellant and cross-appellee General Motors Corporation.

————————————

***Per Curiam.***

**{¶ 7}** Claimant proposes that the requested medical treatment was related to conditions implicitly allowed by the self-insured employer via GMC's payment of bills and authorization of surgery in 1978. The Industrial Commission and GMC disagree, and further state that the court of appeals erred in ordering the commission to reconsider claimant's application. We agree with the Industrial Commission and GMC.

**{¶ 8}** Claimant's argument was recently rejected by *State ex rel. Griffith v. Indus. Comm.* (1999), 87 Ohio St.3d 154, 156, 718 N.E.2d 423, 425. There, we wrote:

"Griffith next argues that Rubbermaid certified her arthritic condition as part of her claim by authorizing and paying for her knee surgery. She relies on *State ex rel. Baker Material Handling Corp. v. Indus. Comm.* (1994), 69 Ohio St.3d 202, 631 N.E.2d 138 and *Garrett v. Jeep Corp.* (1991), 77 Ohio App.3d 402, 602 N.E.2d 691; however, the courts in those cases did not find the employers responsible for the claimants' additionally alleged conditions just because the employers authorized and paid for medical treatment. Rather, those employers were held accountable because they had explicitly acknowledged and certified the additional condition on C-174 forms designed, in part, to inform BWC about compensable conditions in their claims. * * * Rubbermaid has made no such explicit concessions. Thus, we hold that Rubbermaid did not allow Griffith's arthritic condition under *Baker* or *Garrett*."

{¶ 9} No such explicit concession exists here either. C-174s on file consistently list lumbosacral strain as the only allowed condition.

{¶ 10} Moreover, the surgery and bill payment reports that claimant cites never mentioned degenerative disc disease, so there could be no payment or authorization of treatment for it. The condition was not initially raised until the application to reactivate the claim based on McMaster's 1996 reports—eighteen years after the surgery.

{¶ 11} The holding in *Griffith* also invalidates the court of appeals' finding that "herniated nucleus pulpos[u]s with associated radiculopathy" was allowed in this claim by GMC's bill payment. There is thus no need for further consideration of the relationship of claimant's degenerative disc disease to his HNP. Since the latter has not been allowed in this claim, its relationship to claimant's degenerative condition is irrelevant.

{¶ 12} Accordingly, we affirm the denial of a writ ordering reactivation of the claim, and authorization of treatment. We reverse those portions of the court of

appeals' judgment that (1) found HNP to be an allowed condition and (2) ordered the commission to reconsider its decision.

*Judgment affirmed in part*

*and reversed in part.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent and would affirm the judgment of the court of appeals.

————————————